UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cr-00229-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| JAMELL LAMON CURETON | ) | |
| NANA YAW ADOMA | ) | |
| DAVID LEE FUDGE | ) | |
| DAQUAN LAMAR EVERETT | ) | |
| RANDALL AVERY HANKINS II | ) | |
| MALCOLM JARREL HARTLEY | ) | |
| NEHEMIJEL MAURICE HOUSTON | ) | |
| BRIANA SHAKEYAH JOHNSON | ) | |
| IBN RASHAAN KORNEGAY | ) | |
| CENTRILIA SHARDON LEACH | ) | |
| AHKEEM TAHJA MCDONALD | ) | |
| RAHKEEM LEE MCDONALD, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on review of a non-dispositive Order (#416) issued by Honorable David C. Keesler, United States Magistrate Judge, denying Defendant Hartley's Motion for Discovery Under Rule 16 and *Brady/Giglio* (#269). Within the time provided by Rule 59, Federal Rules of Criminal Procedure, Defendant Hartley filed a "Notice of Appeal" (#431) of Judge Keesler's Order, which the court has deemed to be a timely filed *Objection* to a non-dispositive Order. After setting that motion for expedited oral arguments in light of the upcoming proceeding before the Attorney General, Defendants Cureton and Ahkeem McDonald joined in the Objection and adopted co-Defendant Hartley's underlying discovery motion. The objecting defendants were present

-1-

at oral arguments and represented by their attorneys.

The district court has authority to assign non-dispositive pretrial matters pending before the court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). When reviewing an objection to a magistrate judge's order on a non-dispositive matter, the district court must set aside or modify any portion of that order which is clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a). To show that a magistrate judge's order is contrary to law, the objecting party must show that the magistrate judge failed to apply or misapplied statutes, case law, or procedural rules. See Catskill Dev. LLC v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y.2002). The court has carefully reviewed the Order as well as the Objection, and has determined that the Order of the magistrate judge is fully consistent with and supported by current law. Based on such determination, the court will overrule the objection and fully affirm the Order.

In an abundance of caution and in light of the gravity of the proceedings, the court has also conducted a *de novo* review of Defendant Hartley's discovery motion. As part of that review, the court heard oral arguments from all counsel, conducted an *ex parte* but on record (sealed) side bar with counsel for the government concerning documents that have not yet been turned over. At the conclusion of that discussion, the court directed the government to file those documents in an *ex parte* sealed pleading to facilitate careful review by this court in camera and to provide a more complete appellate record. The court has closely reviewed the documents *in camera* and determined that the documents are being properly withheld at this time as a matter of law and that their non-production in no

manner inhibits these defendant's pretrial preparation or Defendants Cureton's and Hartley's preparation for the proceeding before the Attorney General next week.

Finally, the court has considered Defendant Hartley's underlying premise that the proceeding before the Attorney General to determine whether she will authorize the death penalty somehow affords him additional discovery rights under Rule 16 or, more particularly, the policies of the Department of Justice as set forth in the United States Attorney's Manual ("USAM"). Foremost, the USAM, while an excellent resource for both prosecutors and defense counsel, provides no substantive rights. "[T]he internal guidelines of a federal agency, that are not mandated by statute or the constitution, do not confer substantive rights on any party." United States v. Craveiro, 907 F.2d 260, 264 (1st Cir.), cert. denied, 498 U.S. 1015 (1990). Indeed, the USAM itself warns users that it "is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal." USAM 1–1.100 (Oct. 1, 1988, as updated May 2009). As to the objecting defendants' argument that Brady and Giglio require expedited disclosure of material in light of the procee3ding before the Attorney General, this court's colleague, the Honorable T.S. Ellis III, United States District Judge for the Eastern District of Virginia, long ago specifically addressed this issue, as follows:

> ... *Brady* and its progeny do not create a "general constitutional right to discovery in a criminal case," *Weatherford v. Bursey,* 429 U.S. 545, 559, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977), and "[n]o due process violation occurs as long as *Brady* material is disclosed to a defendant in time for its effective use at trial." *United States v. Smith Grading & Paving, Inc.,* 760 F.2d 527, 532

(4th Cir.1985), *cert. denied,* 474 U.S. 1005, 106 S.Ct. 524, 88 L.Ed.2d 457 (1985). Therefore, it is clear that defendant has no constitutional right to exculpatory material in connection with, or in time for, its effective use during the DOJ's internal death penalty authorization process.

***

In summary, the disclosure obligation created by *Brady* is triggered by, and attaches to, a defendant's right to a fair trial, not to a defendant's opportunity to participate in the internal DOJ administrative process concerning whether to seek capital punishment in a particular case. Of course, it is well to remember that the DOJ authorization process is "designed to promote consistency and fairness," and hence, as a general matter, the government is well-advised to provide to defendants whatever exculpatory material it has in time for a defendant to make effective use of this material during the authorization process. It is also true, however, that in many instances the result reached here will have little practical significance because where, as here, the trial and administrative processes are proceeding simultaneously, the government's *Brady* obligations, triggered by the defendant's trial, will operate to compel the government to disclose to defendant all exculpatory material on a prompt, as discovered, basis and such material will then be available for a defendant's use in the trial or administrative context.

United States v. Le, 306 F. Supp. 2d 589, 591-592 (E.D. Va. 2004) (footnotes omitted).

More recently, the Supreme Court recognized the right to "effective counsel during plea negotiations." Missouri v. Frye, 132 S. Ct. 1399, 1407-08 (2012); see Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012) (same). While there is no constitutional right for a defendant to enter into a plea agreement, see Weatherford v. Bursey, 429 U.S. 545, 561 (1977), and the decision to initiate plea negotiations is ordinarily a strategic decision within the purview of defense counsel, Hawkman v. Parratt, 661 F.2d 1161, 1171 (8th Cir. 1981), counsel is still required to be a "reasonably effective advocate" regarding the decision to seek a plea bargain. Brown v. Doe, 2 F.3d 1236, 1246 (2d Cir. 1993). While counsel argued that Lafler should be read to afford additional discovery rights in the authorization proceedings before

the Attorney General, it appears that Judge Ellis's reasoning in Le, that no due process violation occurs as long as Brady material is disclosed to a defendant in time for its effective use at trial, remains sound with the *proviso* that such need for disclosure now extends to the plea negotiation process under Lafler and its progeny. Le, 23 F.Supp. 2d at 592. The court cannot read Lafler to extend the Brady disclosure obligation to defendant's opportunity to participate in the internal DOJ administrative process concerning whether to seek capital punishment in a particular case. In the end, the process before the Attorney General is a precursory one occurring before the confrontation stage in this court:

> [T]he decision to seek the death penalty under the Act is a matter of prosecutorial discretion. The Protocol did not create any individual right or entitlement subject to the due process protections applicable to an adjudicative or quasi-adjudicative governmental action.
> ***
> The constitutional protections of the life and liberty of a defendant are provided by the sentencing hearing following trial of the charges in the indictment.

United States v. McVeigh, 944 F.Supp. 1478, 1483–84 (D.Colo. 1996). Indeed, it must be remembered that such hearing is before the Attorney General, who has access to all the government documents in the case. To the extent defendants believe that any withheld documents contain mitigating evidence, they could certainly request that the Attorney General include those documents in her consideration.

Finally, this court is keenly aware that the government has provided defendants with over 30,000 pages of documents; that these defendants have been afforded *extraordinary* resources by this court and the Fourth Circuit in their preparations for the administrative

proceeding; and that there are compelling reasons to withhold the few documents that have not yet been turned over and that those reasons outweigh the need for early disclosure of such documents in the upcoming administrative proceeding. This court is confident that the attorneys who are going before the Attorney General next week are as prepared as any attorneys could be and will be able make reasoned arguments and even supporting proffers based on their exceptional preparatory work, which has by no means been encumbered by either the resources marshalled by the court or the access to materials afforded by the government.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Even though the Order was not a dispositive one, this court has treated it as dispositive in the alternative due to the importance of the issues now pending. "[W]hen objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200.

Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's Order and the underlying discovery motion. After such careful review, the court determines that the Order is fully consistent with and supported by current law as discussed herein. Based on such determinations, the court will fully affirm the Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the "Notice of Appeal" (#431), DEEMED to be an Objection, is **OVERRULED,** and the Order (#416) is **AFFIRMED.** In addition, having conducted a *de novo* review in the alternative, Defendant Hartley's Motion for Discovery Under Rule 16 and *Brady/Giglio* (#269) is **DENIED** for the reasons provided herein.

Signed: February 25, 2016



Max O. Cogburn Jr.
United States District Judge