| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **MALCOLM JARREL HARTLEY,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's pro se motion to reduce sentence. (Doc. No. 1006). The Government opposes Defendant's motion. (Doc. No. 1010). Because Defendant is ineligible for sentence reduction under Amendment 821 to the United States Sentencing Guidelines, the Court will deny Defendant's motion.

**I.     Background**

In 2015, a federal grand jury indicted Defendant and charged him with participating in a RICO conspiracy, 18 U.S.C. 1962(d); two counts of murder in aid of racketeering, 18 U.S.C. § 1959(a)(1); two counts of using a firearm during and in relation to a crime of violence resulting in death, 18 U.S.C. § 924(j); and two counts of possessing a firearm as a convicted felon, 18 U.S.C. § 922(g). (Doc. No. 477). Defendant entered into a plea agreement with the United States and pleaded guilty to the RICO conspiracy offense, both murders in aid of racketeering, and both § 924(j) firearm offenses. (Doc. Nos. 509, 511).

The probation office submitted a presentence report and calculated a total offense level of 42 for the racketeering offenses. (Doc. No. 558). That presentence report assessed Defendant zero criminal history points, for a criminal history score of I. (Id.). Based on his offense level and criminal history score, the probation office concluded that the Sentencing Guidelines advised a

1

sentence of between 360 months and life in prison for the racketeering offenses. (Id.). Defendant faced a mandatory-minimum sentence of life in prison for the murder-in-aid-of-racketeering and § 924(j) firearm offenses. (Id.).

The Court sentenced Defendant to life in prison for the racketeering offenses and two consecutive terms of life in prison for the firearm offenses. (Doc. No. 580). Defendant now asks this Court for sentence reduction under Amendment 821 to the Sentencing Guidelines.

**II.     Legal Standard**

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease if a defendant has (1) zero criminal-history points, and (2) did not receive a terrorism adjustment under U.S.S.G. § 3A1.4; (3) did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the offense was not a sex offense;

2

(6) did not personally cause substantial financial hardship; (7) did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon in connection with the offense; (8) the offense was not an offense involving individual rights covered by U.S.S.G. 2H1.1; (9) did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848. U.S.S.G. 4C1.1.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. §

1B1.10(b)(2)(C).

### III. Discussion

The Government argues that Defendant is ineligible for sentence reduction under Amendment 821. The Court agrees.

Because the probation office did not assess Defendant status points for committing his offense while under a criminal justice sentence, Defendant is ineligible for sentence reduction under Part A of Amendment 821. And while Defendant was assessed zero criminal history points, he is ineligible for reduction under Part B, Subpart 1, of Amendment 821 because he possessed a firearm in connection with the offense, used violence in connection with the offense, and his offense resulted in death. Because Defendant is ineligible for sentence reduction under Amendment 821, the Court must deny Defendant's motion.

### ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se motion to reduce sentence (Doc. No. 1006) is **DENIED**.

Signed: April 4, 2024

Max O. Cogburn Jr
United States District Judge